TIMOTHY COURCHAINE
United States Attorney
District of Arizona
ALEXANDRIA SAQUELLA
Assistant U.S. Attorney
United States Courthouse
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
E-mail: alexandria.saquella@usdoj.gov
Attorneys for Plaintiff

FILED

2025 MAY 14 PM 4: 05

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA

CR25-02302 TUC-JCH(JR)

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

United States of America,

Plaintiff,

v.

Bryan Guillermo Leyva-Flores,

Defendant.

**INDICTMENT**

VIOLATIONS:
 8 U.S.C. § 1324(a)(1)(A)(v)(I)
 8 U.S.C. § 1324(a)(1)(A)(ii)
 8 U.S.C. § 1324(a)(1)(B)(i)

**18 U.S.C. §982(a)(6)**
**Forfeiture Allegation**

(Conspiracy to Transport Illegal
Aliens for Profit)

**THE GRAND JURY CHARGES:**

From a date unknown to on or about April 17, 2025, in the District of Arizona, Bryan Guillermo Leyva-Flores, did knowingly and intentionally combine, conspire, confederate, and agree together and with various other persons known and unknown to the grand jury, to transport and move illegal aliens within the United States by means of transportation or otherwise, in furtherance of such violation of law, and did so for the purpose of commercial advantage or private financial gain, all in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i).

**FORFEITURE ALLEGATION**

Upon conviction of an offense in violation of Title 8, United States Code, Section 1324, alleged in Count One of this Indictment, defendant, Bryan Leyva Flores, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(6): (a) any conveyance, including any vessel, vehicle, or aircraft, used in the commission of

the offense; (b) any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; and (c) any property, real or personal, used to facilitate or intended to be used to facilitate the commission of the offense, including, but not limited to $6,300 in United States currency.

If any of the property described above, as a result of any act or omission of the defendant: a) cannot be located upon the exercise of due diligence; b) has been transferred or sold to, or deposited with, a third party; c) has been placed beyond the jurisdiction of the court; d) has been substantially diminished in value; or e) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, including but not limited to all property, both real and personal, owned by the defendant, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 982(a)(6) and (b)(1), Title 21, United States Code, Section 853(p), Title 28, United States Code, Section 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
FOREPERSON OF THE GRAND JURY
Dated: May 14, 2025

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

REDACTED FOR
PUBLIC DISCLOSURE

/s/
ALEXANDRIA SAQUELLA
Assistant U.S. Attorney

United States of America v. Bryan Guillermo Leyva-Flores
Indictment Page 2 of 2